IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NETJETS AVIATION, INC., et al.,**

    **Plaintiffs,**

    v.

**U.S. DEPARTMENT OF AGRICULTURE, et al.,**

    **Defendants.**

Civil Action 2:20-cv-4464
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Executive Jet Management's Motion to Exclude Improper Addition to the Administrative Record. (Doc. 110). Because Artur Kolasa's declaration is not properly before the Court, the Motion is **GRANTED**.

On April 20, 2022, Defendant U.S. Department of Treasury (DOT) filed the Administrative Record. (Docs. 100–105). In it, DOT included the declaration of Artur Kolasa ("Kolasa Declaration"). (Doc. 105 at 7–15). Notably, the Kolasa Declaration is new; it is dated April 20, 2022. (*Id.* at 14). Now, Plaintiff Executive Jet Management ("EJM") asks the Court to exclude it because it was not part of the materials considered at the time the fee policy at issue was decided; rather, it was prepared only for use in this litigation. (Doc. 110 at 3). Since review of agency action under the Administrative Procedures Act ("APA") is limited to the administrative record, EJM says the Kolasa Declaration must be excluded. (*Id.* (citing *Latin Ams. for Soc. & Econ. Dev v. FHA*, 756 F.3d 447, 464–65 (6th Cir. 2014)). DOT counters that the Kolasa Declaration is an exception to the general rule because it is "explanatory." (*See generally* Doc. 117).

"Normally, a court's review of an agency action under the APA to determine whether the agency decision was arbitrary and capricious is limited to the administrative record, which includes materials compiled by the agency at the time its decision was made." *Latin Ams. for Soc. & Econ.*

*Dev.*, 756 F.3d at 464–65 (citing *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997)). "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *S. Forest Watch, Inc. v. Jewell*, 817 F.3d 965, 977 (6th Cir. 2016) (quoting *Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson Cty.*, 286 F.3d 382, 387 (6th Cir. 2002)). Still, "certain circumstances justify supplementation of the administrative record. Such circumstances include when an agency has deliberately or negligently excluded certain documents from the record, or when a court needs certain 'background' information to determine whether the agency has considered all relevant factors." *Latin Ams. for Soc. & Econ. Dev.*, 756 F.3d at 464–65 (citing *Sierra Club*, 120 F.3d at 638).

It is undisputed that DOT did not consider the Kolasa Declaration when the decision regarding debt-collection fees was made in this case. Indeed, fees were assessed years ago, and the Kolasa Declaration is just over a month old. (Docs. 81, ¶ 55; 105 at 14). Normally, because it was not considered at the time of agency action, the Kolasa Declaration would be out of bounds. But DOT argues that the Kolasa Declaration falls into the relevant background information exception. (Doc. 117 at 7–8, 11). Specifically, DOT says the Administrative Record "is comprised of technical documents" that "are difficult—if not impossible— for an outsider to understand." (*Id.* at 7). As a result, they say, the Kolasa Declaration is needed to explain what the documents are and how the agency relied upon them. (*Id.* at 7–8). If excluded, they conclude, the Administrative Record will be too complicated and judicial review hindered.

To support its position, DOT cites cases in which a declaration was permitted. (*Id.* at 6–7 (citing *Clifford v. Pena*, 77 F.3d 1414, 1418 (D.C. Cir. 1996) (permitting a declaration that provided background information about the subsidy program and the current state of the American shipping industry which informed the agency's decision, and was well known to the agency and

2

the parties but likely not the reviewing court); *Olivares v. Transportation Sec. Admin.*, 819 F.3d 454, 464 (D.C. Cir. 2016) (permitting a *post-hoc* declaration from the actual agency decisionmaker because it shows that previously undisclosed internal materials state a contemporaneous explanation for the agency's denial of petitioner's application)); Doc. 117 at 11 (citing *Charleston Area Med. Ctr. v. Burwell*, 216 F. Supp. 3d 18, 27 (D.D.C. 2016) (permitting an agency declaration that explains where in the record relevant formulas are located in response to plaintiffs' contention that formulas are missing))). But even DOT's cases highlight that consideration of a supplemental declaration is the exception, not the rule. *See Seafarers Int'l Union of N. Am. v. United States*, 891 F. Supp. 641, 647 (D.D.C. 1995), *aff'd sub nom. Clifford v. Pena*, 77 F.3d 1414 (D.C. Cir. 1996) (noting that "judicial review is normally confined to the administrative record . . . ."); *Olivares*, 819 F.3d 454, 463 (D.C. Cir. 2016) (describing the Court's consideration of a post-hoc declaration as "unusual").[1]

The Court determines that proceeding as usual—and keeping the "focal point for judicial review [on] the administrative record already in existence"—is appropriate here. *See S. Forest Watch, Inc.*, 817 F.3d at 977. This is so because the Kolasa Declaration is not the same as the declarations in the exceptional cases cited above. Notably, it does not provide the Court with needed context or explain complicated data or terms that the Court cannot understand by evaluating the record on its own. Plus, in its Motion for Summary Judgment, DOT may explain its decision-making process, draw conclusions, and point to key areas of the Administrative Record. But it must rely on the contemporaneous Administrative Record, not a *post-hoc* declaration.

---

[1] EJM suggests that the Sixth Circuit does not permit supplementation of the record like the D.C. Circuit does. (*See* Doc. 110 at 5). Because the Court determines that exclusion is appropriate under any Circuit's standard, the Court does not need to address the matter.

In sum, the Court concludes that the Kolasa Declaration is not properly before the Court. As a result, the Motion to Exclude (Doc. 110) is **GRANTED**. The Clerk's Office is directed to **STRIKE** the declaration (Doc. 105 pages 7–15). The Court will not consider the Kolasa Declaration in its review and no party shall rely upon the Kolasa Declaration in summary judgment briefing.

In the interest of expediency, the briefing schedule (Doc. 99) for claims against DOT remains intact: Plaintiffs' Motion for Summary Judgment due by **July 22, 2022**; Treasury's Combined Response and Cross-Motion for Summary Judgment due by **August 26, 2022**; Plaintiffs' Combined Response and Reply due by **September 30, 2022**; Treasury's Reply due by **October 14, 2022**.

IT IS SO ORDERED.

Date: June 8, 2022                                          s/ Kimberly A. Jolson
                                                                                  KIMBERLY A. JOLSON
                                                                                  UNITED STATES MAGISTRATE JUDGE